| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN P. REITMAN (State Bar No. 80579)<br>jreitman@landaufirm.com<br>LANDAU LAW LLP<br>2338 Manning Avenue<br>Los Angeles, CA 90064<br>Telephone: (310) 557-0050<br>Facsimile: (310) 557-0056<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Richard A. Marshack, Ch. 7 Trustee | **FILED**<br>CLERK, U.S. DISTRICT COURT<br>JAN - 7 2022<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___RS___ DEPUTY<br><br>**8:22-CV-00031-SVW** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Eagan Avenatti, LLP,<br><br><div align="right">Debtor(s).</div> | CASE NO.: 8:19-bk-13560-SC<br><br>ADVERSARY NO.: 8:20-ap-01049-SC<br>(*if applicable*)<br><br>CHAPTER: 7 |
|---|---|
| Richard A. Marshack, Chapter 7 Trustee for Eagan Avenatti, LLP,<br><br><div align="right">Plaintiff(s) (*if applicable*).</div><div align="center">vs.</div>Aledmi, LLC; Alan Chafee, as successor in interest to Aledmi, LLC; Edwin Spaunhurst, as successor in interest to Aledmi, LLC; and Michael White, as successor in interest to Aledmi, LLC,<br><br><div align="right">Defendant(s) (*if applicable*).</div> | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1:  Identify the appellant(s)**

1.  Name(s) of appellant(s):  Richard A. Marshak, Chapter 7 Trustee for Eagan Avenatti, LLP

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☒ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an  adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2:  Identify the subject of this appeal**

1.  Describe the judgment, order, or decree appealed from:
    Order granting defendants' motion for summary judgment (Exhibit A); Order re: trustee's and defendants' evidentiary objection (Exhibit B); Final judgment in favor of defendants (Exhibit C)

2.  The date the judgment, order, or decree was entered:  12/22/2021; 1/4/2022

**Part 3:  Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1.  Party:  Defendants - Aledmi, LLC; Alan Chafee; Edwin Spaunhurst; and Michael White

    Attorney:

    SMILEY WANG-EKVALL, LLP
    Robert S. Marticello & Michael L. Simon
    3200 Park Center Drive, Suite 250
    Costa Mesa, CA 92626
    Telephone: (714) 445-1000

2.  Party:

    Attorney:

**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5:  Sign below**

 /s/ John P. Reitman                                            Date: 01/04/2022
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# EXHIBIT A

**FILED & ENTERED**

DEC 22 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Eagen Avenatti, LLP,<br><br><br><br>Debtor(s). | Case No.:  8:19-bk-13560-SC<br><br>CHAPTER 7<br><br>Adv No:  8:20-ap-01049-SC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT** |
| Richard A Marshack, Chapter 7 Trustee,<br><br>Plaintiff(s),<br>    v.<br><br>Aledmi, LLC, an administratively dissolved Washington Limited Liability company; Alan Chafee, as successor in interest to Aledmi, LLC; Edwin Spaunhurst, as successor in interest to Aledmi, LLC; Michael White, as successor in interest to Aledmi, LLC,<br><br><br>Defendant(s). | Date:        December 2, 2021<br>Time:        11:00 AM<br>Courtroom:  5C |

-1-

1   On December 2, 2021, the Court held a hearing on the motion for summary

2   judgment filed by defendants, Aledmi, LLC, an administratively dissolved Washington

3   Limited Liability company ("Aledmi") [1], Alan Chafee, as successor in interest to Aledmi,

4   LLC, Edwin Spaunhurst, as successor in interest to Aledmi, LLC, and Michael White, as

5   successor in interest to Aledmi, LLC (collectively, "Defendants") on September 23, 2021

6   [Dk. 91] (the "Motion").

7   Having considered all pleadings filed in connection with the Motion, the

8   arguments of counsel at the hearing, and for the reasons more fully explained below,

9   the Court finds good cause to GRANT the Motion.

10   **I.    Prefatory Statement**

11   This is an unusual case. Here, despite the debtor having received and utilized

12   loaned funds to settle a separate debt, and then having actually repaid those loaned

13   funds back to the lender, the chapter 7 Trustee seeks to claw back the repayment,

14   asserting it was an actual fraudulent transfer because the underlying loan agreement

15   was between the lender and an entity other than the debtor.

16   In his complaint, Richard A Marshack, Chapter 7 Trustee (the "Trustee") of the

17   estate of Eagan Avenatti, LLP ("Debtor"), seeks to avoid, recover, and preserve two

18   alleged "actual fraudulent transfers" made by Debtor to Defendants. In the Motion,

19   Defendants seek summary judgment on all of the Trustee's claims, arguing that the

20   undisputed facts demonstrate that the transfers at issue were made by Debtor without

21   actual intent to hinder, delay, or defraud creditors, and Debtor received reasonably

22   equivalent value for the transfers, so the Trustee cannot satisfy the requisite statutory

23   elements underlying his claims. Defendants further, and alternatively, assert that even if

24   the Trustee could meet his burden to show that the transfers are actual fraudulent

25   transfers under the statute, the undisputed evidence demonstrates that Defendants are

26   good faith transferees, entitling Defendants to a complete defense to the claims

27

28   _____

[1] Aledmi was administratively dissolved as of December 1, 2016. Trustee's Statement of Disputed Facts, Dk. 120, No. 81.

EXHIBIT A
2

1   asserted. For the reasons more fully explained below, the Court agrees with

2   Defendants' assertions.

3       **II.    Factual Background**[2]

4           **a. Loan by Aledmi to Global Baristas**

5           At all relevant times, Michael Avenatti was the majority owner and manager of

6   Debtor and Global Baristas – two separate entities. Trustee's Statement of Disputed

7   Facts filed November 12, 2021 ("Trustee's SODF"), Dk. 120, No. 1 and 9.[3] Aledmi, a

8   separate entity which was not under the control of Mr. Avenatti, was formed on July 8,

9   2013, for the purpose of making a short-term loan to Global Baristas. Trustee's SODF,

10  Dk. 120, Nos. 2, 7, and 12.[4]

11          Days after its formation, on January 13, 2013, Aledmi executed an agreement

12  with Global Baristas whereby Aledmi would give money to Global Baristas in exchange

13  for future repayment of the loan with interest. Trustee's SODF, Dk. 120, No. 7. Debtor

14  was not a party to the agreement. *Id.* In addition to the promise of repayment, Global

15  Baristas granted Aledmi a security interest in certain property it owned, and Michael

16  Avenatti executed a personal guarantee which was secured by a lien on Mr. Avenatti's

17  home. Trustee's SODF, Dk. 120, Nos. 15 – 17. Aledmi caused a UCC-1 financing

18  statement in connection with the loan to be recorded. Trustee's SODF, Dk. 120, No. 19.

19

20  [2] Exhibit A to this decision contains a visual description of key facts and was created by the Court in order
    to augment and ensure understanding of the material facts at issue.

21  [3] The Trustee admits that Mr. Avenatti was a majority owner of Global Baristas and a manager and
    majority owner of Debtor. The Trustee does not specifically dispute that Mr. Avenatti was not a manager

22  of Global Baristas; instead the Trustee asserts that Mr. Avenatti was not the *sole* manager of Global
    Baristas. The difference is immaterial to this decision.

23  [4] The Trustee admits these facts. While the Trustee attempts to make an argument that Yardarm Knot.
    Inc. is the stated provider of the funds, and not Aledmi itself, the assertion is counterfactual. The wire

24  transfer clearly indicates that Aledmi is the originator of the transfer, and no evidence to the contrary
    exists. Defendants' Exhibits filed September 23, 2021, Dk. 94, Ex. 16. Further, Defendants have provided

25  unrefuted evidence that one of the Defendants, a former member of Aledmi and a current officer of
    Yardarm Knot, Inc., caused the transfer on behalf of Aledmi to the Foster Pepper account in connection

26  with the loan and not for any other purpose. Supplemental Declaration of Alen Chafee filed November 18,
    2021, Dk. 123, Pg. 2:2-16. The Trustee did not object to this evidence, either in writing or orally at the

27  hearing. Accordingly, the Trustee's dispute is a distinction without a difference and not a genuine issue of
    material fact.

28

1    On or around July 11, 2013, loan proceeds in the amount of approximately $1.8

2   million were wired to a trust account at Foster Pepper, PLLC ("Foster Pepper"), as

3   directed by Global Baristas' counsel. Trustee's SODF, Dk. 120, Nos. 20 and 21. The

4   funds were held in the Foster Pepper trust account for the benefit of Global Baristas.

5   Defendants' Exhibits filed September 23, 2021, Dk. 94, Exhibit 18.  Later that day,

6   unbeknownst to Defendants, the loan proceeds were transferred from the Foster

7   Pepper trust account to an account held by Debtor. Trustee's SODF, Dk. 120, Nos. 23

8   and 24. As stated above, Mr. Avenatti was the manager of both Debtor and Global

9   Baristas. Trustee's SODF, Dk. 120, No. 1 and 9. That same day, on July 11, 2013,

10   Debtor wired approximately $1.8 million to Koss Corporation in payment of a debt owed

11   by Debtor and unrelated to Global Baristas. Trustee's SODF, Dk. 120, No. 28.

12                **b.  Global Baristas Defaults on the Aledmi Loan**

13    The original maturity date of the loan was December 30, 2013. Trustee's SODF,

14   Dk. 120, No. 10. Despite extending the maturity date of the loan to June 1, 2014, Global

15   Baristas defaulted on the loan, triggering the accrual of high default interest, which

16   concerned Mr. Avenatti who didn't want to be "nickled and dimed." Trustee's SODF, Dk.

17   120, Nos. 29, 30, 52, and 66; Defendants' Exhibits filed September 23, 2021, Dk. 94,

18   Ex. 30.

19                **c.  Debtor's Transfers to Aledmi**

20    On June 13, 2014, Debtor wired $2,150,000.00 to Aledmi, and on June 24, 2014,

21   Debtor wired another $52,957.30 to Aledmi (together, the "Transfers"), which amounts

22   settled the loan. Trustee's SODF, Dk. 120, Nos. 53 and 54. By June 27, 2014 (three

23   days after the final wire transfer from Debtor), Aledmi caused a termination of the UCC-

24   1 financing statement to be recorded and released its liens against the collateral

25   property. Trustee's SODF Dk. 120, No. 78 and 79.

26                **d.  Debtor files Bankruptcy and the Trustee initiates an Adversary
27                      Proceeding against Aledmi**

28    On September 13, 2019, Debtor's chapter 7 bankruptcy case was filed.

-4-

EXHIBIT A
4

1   Thereafter, the Trustee was appointed. On April 14, 2020, the Trustee caused his

2   complaint[5] against Defendants to be filed, commencing this adversary proceeding. On

3   June 30, 2020, the Court entered an order granting in part and denying in part

4   Defendant's motion to dismiss the complaint. Dk. 16. On July 21, 2020, the Trustee

5   amended his complaint, to which Defendants timely filed an answer. Dks. 19 and 30.

6   After holding a status conference where both parties were represented, the Court

7   issued its scheduling order, setting deadlines for discovery and non-discovery motions

8   to be heard and resolved, which deadlines were extended by stipulation of the parties

9   on several occasions. Dks. 35, 39, 42.

10                    **e.  Motion for Summary Judgment**

11          On September 23, 2021, Defendants filed their timely Motion, as well as the

12   following relevant documents in support: Defendant's Proposed Statement of

13   Uncontroverted Facts [Dk. 92], Supplemental Index of Exhibits [Dk. 94], and the

14   Declarations of Howard Grobstein, Michael Simon, Michael White, Alan Chafee, and

15   Edwin Spaunhurst [Dks. 95-99, respectively]. Defendants set a hearing on the Motion

16   for November 4, 2021, at 11:00 a.m.[6]

17          On October 13, 2021, the Trustee filed a motion seeking to continue the

18   November 4, 2021, hearing and extend responsive pleading deadlines for reasons

19   asserted in the motion to continue. Dk. 110. The motion to continue was granted on

20   October 14, 2021, and the hearing was continued to December 2, 2021, at 11:00 a.m.

21   Dk. 111. No other motions to stay discovery, or of the adversary proceeding, itself, were

22   filed by the Trustee or any other party at that time, or since.[7]

23   _____

24   [5] The Trustee's original complaint was amended on April 15, 2020, prior to the issuance of a summons.
     Dks. 2 and 3. The proof of service filed April 16, 2020, reflects that the Trustee caused the first amended
     complaint dated April 15, 2020, to be served on Defendants, along with the summons. Dk. 4.

25   [6] On September 24, 2021, Defendants filed a notice of errata correcting the location of the hearing from
     Courtroom 5D to Courtroom 5C.

26   [7] In an early hearing related to a separate adversary proceeding associated with this Debtor, the Court

27   and the Trustee's special counsel discussed the possibility that the Department of Justice may file a
     motion to stay the adversary and delay discovery due to Mr. Avenatti's then-pending criminal trial. Case
     No. 8:19-bk-13560, Dk. 298. *See also* Status Report filed June 11, 2021, Adversary No. 8:20-ap-01086,

28   Dk. 219, Pg. 5 ("It is anticipated that discovery will take longer than is customary in adversary

1    On November 11, 2021, the Trustee filed his opposition to the Motion [Dk. 113],

2 together with the Declarations of Jason M. Frank, Brian Weiss, and John P. Reitman

3 [Dks. 114-116, respectively], Evidentiary Objections [Dk. 117],[8] Supplemental Exhibits

4 [Dk. 118], and the Declaration of Monica Rieder [Dk. 119]. On November 12, 2021, the

5 Trustee filed his Statement of Disputed Facts. Dk. 120.

6    On November 18, 2021, Defendants filed their Reply, Supplemental Declarations

7 of Michael Simon and Alan Chafee [Dks. 122-123, respectively], a reply to the Trustee's

8 evidentiary objections [Dk. 124], and evidentiary objections to the Declarations of Jason

9 Frank [Dk. 125], and Monica Reider [Dk. 126].

10    On November 23, 2021 [Dk. 128], the Trustee filed a Supplemental Declaration

11 of Monica Reider and a Notice of Erratum to his opposition [Dk. 129], which clarified

12 certain arguments that the Trustee had incorrectly asserted in his opposition regarding

13 the net balance of transfers between Debtor and Global Baristas.

14    As noted above, the Court held a hearing on the Motion on December 2, 2021,

15 and took the matter under submission. Now, the Court issues the following order,

16 granting the Motion and resolving the adversary proceeding entirely.

17    **III.    Discussion**

18        **a.  Summary Judgment Standards**

19    Summary judgment may be granted "if the movant shows that there is no

20 genuine dispute as to any material fact and the movant is entitled to judgment as a

21 matter of law." Federal Rule of Civil Procedure (FRCP) 56(a) (incorporated by Federal

22 Rule of Bankruptcy Procedure (FRBP) 7056); *Barboza v. New Form, Inc. (In re*

23 *Barboza),* 545 F.3d 702, 707 (9th Cir. 2008) (applying FRCP 56 summary judgment

24 standards to adversary proceedings). An issue is "genuine" only if a reasonable fact

25 _____

26 proceedings before this Court because of: (a) the complexity of issues in this matter; (b) the likelihood of
defendants to continue filing motions; and (c) the request of the United States Attorney prosecuting the

27 criminal action against Michael Avenatti for the Trustee to delay discovery with respect to any matters
which may arise in Michael Avenatti's upcoming criminal trial currently scheduled for July 13, 2021"). No

28 such motion was ever filed.
[8] This Court's rulings on the evidentiary objections filed by the Trustee and Defendants [Dks. 117, 125,
and 126, respectively] are contained in a separate order.

EXHIBIT A
6

1 finder, looking at the evidence, could find for the non-moving party, and a dispute is

2 "material" only if it could affect the outcome of the suit under applicable law. *Anderson v.*

3 *Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

4       Summary judgment may be used defensively where the moving party can show

5 "that there is an absence of evidence to support the nonmoving party's case." *Celotex*

6 *Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[T]he plain language of Rule 56(c)

7 *mandates* the entry of summary judgment, after adequate time for discovery and upon

8 motion, against a party who fails to make a showing sufficient to establish the existence

9 of an element essential to that party's case, and on which that party will bear the burden

10 of proof at trial." *Id.* at 322; *see also Abromson v. Am. Pac. Corp.,* 114 F.3d 898, 902

11 (9th Cir. 1997).

12       If the moving party meets its initial burden, the opposing party must then set out

13 specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson v.*

14 *Liberty Lobby, Inc*., 477 U.S. at 250; *see also* Fed. R. Civ. P. 56(c), (e). To establish the

15 existence of a factual dispute, the opposing party need not establish a material issue of

16 fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to

17 require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

18 *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

19 However, the nonmoving party cannot avoid summary judgment by relying solely on

20 conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d

21 1040, 1045 (9th Cir. 1989). *See also Travelers Cas. & Sur. Co. v. Washington Tr. Bank,*

22 86 F. Supp. 3d 1148, 1152 (E.D. Wash. 2015) ("Once the moving party has carried its

23 burden, the opponent must do more than simply show there is some metaphysical

24 doubt as to the material facts. Rather, the opposing party must come forward with

25 specific facts showing that there is a genuine issue for trial.")

26       **b.  The Trustee's Causes of Action are ripe for summary adjudication**

27       This Court has thoroughly evaluated the facts as presented by both parties and

28 has determined that the material facts are uncontroverted such that the issues are ripe

EXHIBIT A
7

1  for determination as a matter of law. The Court utilized the Trustee's Statement of

2  Disputed Facts in its recitation of the factual background above, relying only on

3  undisputed, genuine, and material facts, as required by law. To be clear, despite the title

4  of the document, "Statement of Disputed Facts," the Trustee did not actually dispute the

5  material facts relevant to this decision and utilized herein.

6         The Trustee's complaint alleges three claims: two of the claims seek Avoidance

7  of Transfers under, *inter alia*, 11 U.S.C. § 544(a) and Cal. Civ. Code §3439.04(a), with a

8  third claim for Recovery and Preservation of the Avoided Transfers. Defendants seek

9  summary judgment on all three of these claims, arguing that the undisputed facts

10  demonstrate that the Trustee cannot meet his burden with respect to all elements under

11  Cal. Civ. Code § 3439.04(a) (i.e., avoidance of actual fraudulent transfer).[9] Defendants

12  further, and in the alternative, assert that even if the Trustee could meet his burden to

13  show that the Transfers are actual fraudulent transfers, the undisputed evidence

14  demonstrates that Defendants are entitled to a complete defense to avoidance under

15  Cal. Civ. Code § 3439.08 (i.e., the "good faith" defense).

16         Below, the Court analyzes each of Defendants' theories for relief, concluding that

17  under each, Defendants are entitled to summary judgment in their favor as to all causes

18  of action contained in the Trustee's complaint.

19              **c. Actual Fraudulent Transfer Standards**

20         A trustee's avoidance powers are laid out discretely under 11 U.S.C. § 544,

21  which generally provides that a trustee may avoid transfers of interest made by the

22  debtor that are voidable by a creditor to the estate under applicable state law. 11 U.S.C.

23  § 544(b)(1).

24         California's Uniform Voidable Transactions Act ("UVTA") (formerly the Uniform

25  Fraudulent Transfer Act ("UFTA")) offers two theories under which a debtor's transfer

26

27  ―――――――――――――――

[9] The Trustee must successfully avoid the Transfers in his first and second causes of action as a prerequisite to his third and final cause of action for recovery and preservation. Where, as here, the

28  Trustee is unsuccessful in his avoidance actions, his recovery and preservation cause action stemming therefrom necessarily fails.

EXHIBIT A
8

1    may be voided: actual fraud or constructive fraud.[10]  *See* Cal. Civ. Code §§ 3439. The

2    Trustee seeks to avoid the Transfers based on the theory that the Transfers were actual

3    fraudulent transfers; therefore, it is the Trustee who bears the burden of proof on the §

4    3439.04(a) claims. *See* Cal. Civ. Code § 3439.04(c).

5        Pursuant to California Civil Code § 3439.04(a), "actual fraud" occurs where, *inter*

6    *alia*, the transfer was made "[w]ith actual intent to hinder, delay, or defraud any creditor

7    of the debtor." Cal. Civ. Code § 3439.04(a).

8        Specifically, Cal. Civ. Code § 3439.04(a) states:

9
10       (a) A transfer made or obligation incurred by a debtor is voidable as to a
             creditor, whether the creditor's claim arose before or after the transfer was
11           made or the obligation was incurred, if the debtor made the transfer or
             incurred the obligation as follows:
12
13           (1) With *actual intent* to hinder, delay, or defraud any creditor of the
                 debtor.
14
15           (2) *Without receiving a reasonably equivalent value* in exchange for the
                 transfer or obligation, and the debtor either:
16
17               (A) Was engaged or was about to engage in a business or a
                     transaction for which the remaining assets of the debtor were
18                   unreasonably small in relation to the business or transaction.

19               (B) Intended to incur, or believed or reasonably should have believed
                     that the debtor would incur, debts beyond the debtor's ability to pay
20                   as they became due.

21    Cal. Civ. Code § 3439.04(a) (emphasis added).

22        When the debtor is an entity, the relevant intent is the intent of the individual(s) in

23    control of the entity. See, e.g., *Uecker v. Ng (In re Mortg. Fund '08 LLC)*, 2013 Bankr.

24    LEXIS 3385, at *16 (Bankr. N.D. Cal. Aug. 14, 2013). In determining whether the

25    requisite intent existed in the mind of the individual in control of the entity, the court

26    should consider "all of the relevant circumstances surrounding the transfer." *Ezra v.*

27

28    [10] The Trustee seeks to void the Transfers under the theory of actual fraud only. Accordingly, there is no
     discussion in the pleadings or this order regarding constructive fraud and/or its application to the facts
     before the Court.

-9-

1  *Seror (In re Ezra),* 537 B.R. 924, 931 (9th Cir. BAP 2015). Additionally, "the statute

2  provides that a court may consider, *inter alia,* '[w]hether the transfer or obligation was to

3  an insider; . . . [w]hether the debtor retained possession or control of the property

4  transferred after the transfer; . . . [w]hether the transfer was of substantially all the

5  debtor's assets; . . . [and w]hether the value of the consideration received by the debtor

6  was reasonably equivalent to the value of the asset transferred or the amount of the

7  obligation incurred.'" *Wimbeldon Fund, SPC (Class TT) v. Graybox, LLC,* No. 2:15-cv-

8  6633-CAS (AJWx), 2019 U.S. Dist. LEXIS 89988, at *33 (C.D. Cal. May 29, 2019)

9  (citing Cal. Civ. Code § 3439.04(b)). The foregoing are commonly described as "badges

10  of fraud."

11      As noted by the Ninth Circuit Bankruptcy Appellate Panel, the "badges of fraud"

12  contained in Cal. Civ. Code § 3439.04(b) are not exclusive, and the Court is not

13  mandated to draw an inference of fraud because any particular number of the badges

14  are present.

15
        The UFTA list of 'badges of fraud' provides neither a counting rule, nor a
16      mathematical formula. No minimum number of factors tips the scales toward
        actual intent. A trier of fact is entitled to find actual intent based on the evidence
17      in the case, even if no 'badges of fraud' are present. Conversely, specific
        evidence may negate an inference of fraud notwithstanding the presence of a
18      number of 'badges of fraud.'
19

20  *Wolkowitz v. Beverly (In re Beverly),* 374 B.R. 221, 236 (B.A.P. 9th Cir. 2007) (affirmed

21  in part and appeal dismissed in part by *Beverly v. Wolkowitz (In re Beverly),* 2008 U.S.

22  App. LEXIS 26386 (9th Cir. 2008)).

23      Proof of a legitimate business or other reason for a transfer can be considered by

24  the court to negate any alleged "badges of fraud," and defeat an intentional fraudulent

25  transfer claim, including on summary judgment. *See, e.g., In re J.R. Deans Co., Inc.,*

26  249 B.R. 121, 139 (Bankr. D.S.C. 2000) (granting summary judgment on an intentional

27  fraudulent transfer claim in favor of the defendant based on evidence that the transfers

28  were made for good business reasons, i.e., paying rent for leased premises); *In re*

-10-

1    *Spitko*, 2007 WL 1720242, at *14–15 (Bankr. E.D. Pa. 2007) (granting summary

2    judgment on an intentional fraudulent transfer claim in favor of the defendant based on

3    evidence that the transfers were to pay for legal services rendered to companies owned

4    by the debtor); *Lippe v. Bairnco Corp.*, 249 F. Supp. 357, 382–83 (S.D.N.Y. 2003),

5    aff'd, 99 F. App'x 274 (2d Cir. 2004) (stating that "[n]o reasonable jury could find that

6    there was anything suspicious or questionable about the transfers here. Although the

7    transfers were not in the ordinary course of business, there were legitimate business

8    reasons for them."); *In re Licking River Mining, LLC*, 603 B.R. 336, 382 (Bankr. E.D. Ky.

9    2019), as amended (July 19, 2019) (stating that summary judgment in favor of the

10   defendant is appropriate where defendant shows "'countervailing proof . . . that the

11   transfer or conveyance was made fairly and without intent to defraud the creditor.'").

12          Whether a debtor received "reasonably equivalent value" for a transfer is both an

13   element under the Cal. Civ. Code § 3439.04(a) avoidance statute, and a commonly

14   considered badge of fraud. "Reasonably equivalent value is the value of the property on

15   the date of the transfer from the perspective of the creditors." *Decker v. Tramiel (In re*

16   *JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). "Courts may consider the fair market

17   value or what would be the fairly equivalent value of the property, taking into

18   consideration all of the specific circumstances of each case affecting the value of the

19   asset." *Id.*

20          "It is well settled that 'reasonably equivalent can come from one other than the

21   recipient of the payments, a rule which has become known as the indirect benefit rule.'"

22   *In re N. Merch., Inc.*, 371 F.3d 1056, 1058 (9th Cir. 2004) (citing and quoting *In re*

23   *Jeffrey Bigelow Design Group, Inc.*, 956 F.2d 479, 485 (4th Cir. 1992)). The indirect

24   benefit rule, and its impact on the Court's reasonably equivalent value analysis, has

25   been further explained as follows:

26

27          It is well settled that reasonably equivalent value can come from one other than
            the recipient of the payments, a rule which has become known as the indirect
28          benefit rule." *N. Merch.*, 371 F.3d at 1058 (internal quotations and citation
            omitted). "'If the consideration given to the third person otherwise has ultimately

1
2
3
4
5
6

landed in the debtor's hands, or if the giving of the consideration to the third person otherwise confers an economic benefit upon the debtor, then the debtor's net worth has been preserved, and [the statute] has been satisfied—provided, of course, that the value of the benefit received by the debtor approximates the value of the property or obligation he has given up.'" *Id.* at 1058–59 (alteration in original) (quoting *Rubin v. Mfrs. Hanover Trust Co.,* 661 F.2d 979, 991–92 (2d Cir.1981)). If the debtor receives such reasonably equivalent value, "then the transaction has not significantly affected his estate and his creditors have no cause to complain." *Rubin,* 661 F.2d at 991.

7
8

*In re Flashcom, Inc.*, 503 B.R. 99, 117-18 (C.D. Cal. 2013), *aff'd*, 647 F.App'x 689 (9th Cir. 2016).

9
10
11
12

In fact, "[a] debtor receives reasonably equivalent value for the repayment of loan proceeds it receives whether or not it is contractually obligated to repay the loan." See *In re Jeffrey Bigelow Design Grp., Inc.,* 956 F.2d 479 (4th Cir. 1992) (cited with approval in *In re N. Merch., Inc.,* 371 F.3d 1056, 1059 (9th Cir. 2004)).

13
14
15

> **d. The undisputed evidence demonstrates that the Trustee cannot satisfy at least two crucial elements of the Actual Fraudulent Transfer claim, and so summary judgment is appropriately granted in Defendants' favor.**

16
17
18
19
20
21
22

The undisputed facts demonstrate that Defendants have met their burden to show that the Trustee cannot satisfy two elements essential to his Cal. Civ. Code § 3439.04 causes of action: (1) that the Transfers were made "without receiving reasonably equivalent value," and (2) that the Transfers were made with "actual intent to hinder, delay, or defraud any creditor of the debtor."[11] Accordingly, even after viewing the facts in a light most favorable to the Trustee, summary judgment is warranted in Defendants' favor.

23

> **1. Reasonably Equivalent Value**

24
25
26

Defendants have met their burden in showing that there is no genuine issue for trial, that Debtor received "reasonably equivalent value" for the Transfers, and that the

27
28

---

[11] As the "reasonably equivalent value" and "intent" elements have not been met, the Court need not rule on the issues of whether Debtor "[w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" or "[i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Cal. Civ. Code § 3439.04(a).

EXHIBIT A
12

1  Trustee cannot make a showing sufficient to establish the existence of this essential

2  element.

3          Defendants have produced unrefuted evidence of the following facts. Aledmi

4  made a $1.81 million loan to Global Baristas, putting the loan proceeds in a Foster

5  Pepper trust account. Mr. Avenatti, who controlled both Global Baristas and Debtor at

6  the time, transferred the entirety of the $1.81 million from the Foster Pepper trust

7  account to Debtor's bank account and, later that same day, paid a third party $1.84

8  million in satisfaction of an obligation owed by Debtor to the third party. Global Baristas

9  had no obligation to pay $1.84 million to the third party; thus, Mr. Avenatti conferred the

10  benefit of the $1.81 million loan from Global Baristas to Debtor. When Mr. Avenatti

11  caused the Transfers to be made from Debtor to Aledmi in satisfaction of the loan,

12  which was accruing default interest, Debtor had already obtained "reasonably

13  equivalent value" for the Transfers; that the benefit was conferred by Global Baristas or

14  Mr. Avenatti, and not Aledmi directly, and that Debtor had no formal repayment

15  obligations because Global Baristas continued to carry the obligation of repayment of

16  the loan, are irrelevant to the analysis.

17          In an attempt to defeat summary judgment, the Trustee asserts that the net effect

18  of the transfers between Global Baristas, Debtor, and Aledmi do not reflect that Debtor

19  obtained reasonably equivalent value, but rather that Debtor suffered a net loss on a

20  series of transactions between Debtor and Global Baristas (not related to the Aledmi

21  loan). The basis of the Trustee's theory is that Debtor made payments to Global

22  Baristas prior to the Transfers which exceeded the amount of the loan proceeds such

23  that Debtor suffered a net loss. Accordingly, the Trustee asserts that Global Baristas,

24  and not Debtor, received the reasonably equivalent value.

25          The Trustee's argument, however, appears to be entirely unsupported by

26  evidence. As noted in a supplemental declaration, the Trustee's counsel admits that

27  with respect to the evidence of transactions provided in his opposition, she "failed to

28  distinguish between transfers to and from 'Global Baristas, LLC,' and transfers to and

EXHIBIT A
13

1   from 'Global Baristas **US**, LLC.'" Reider Supplemental Declaration filed November 23,

2   2021, Dk. 128, Pg. 2:12-17 (emphasis added). Accordingly, as conceded by the Trustee

3   at the hearing on the Motion, the evidence presented cannot be relied upon to

4   determine whether Global Baristas or Debtor received reasonably equivalent value. In

5   his notice of errata, the Trustee admits that, due to the foregoing error, "it is unclear at

6   this stage… whether there was any material distinction between [the two Global

7   Baristas entities]" and "whether or to what extent the transfers from [Debtor] to Global

8   Baristas **US**, LLC may have been for the benefit of [Global Baristas, LLC]," as was the

9   basis of the Trustee's argument. Trustee's Notice of Errata, Dk. 129, Pg. 2:8-10.

10          The Trustee asserts that he can provide admissible evidence regarding the

11   transactions between the two Global Baristas entities and their net effect on the

12   "reasonably equivalent value" element at trial [Dk. 129; Pg. 3:11-15]. However, this

13   Court cannot conclude on the promise and supposition of the Trustee that there are

14   indeed triable issues of fact. As noted previously, the Trustee cannot avoid summary

15   judgment by relying solely on conclusory allegations which are unsupported by factual

16   data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Trustee's mere promise of

17   future admissible evidence is insufficient, particularly where, as here, discovery is

18   closed, a continuance on this Motion was already obtained, and there is no adequate

19   showing that a genuine dispute of material facts exists beyond the Trustee's mere

20   supposition that it is so. In the absence of "specific facts showing a genuine issue for

21   trial in order to defeat the motion," Trustee has not done enough to defeat the motion.

22   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250; *see also* Fed. R. Civ. P. 56(c), (e).

23          Having reviewed the undisputed evidence before the Court, only one conclusion

24   may be made as a matter of law; that Defendants have met their burden in showing that

25   Debtor received "reasonably equivalent value" for the Transfers, and that the Trustee

26   has not established that he can prove otherwise as to this element.

27                      **2.  Actual Intent to Hinder, Delay, and Defraud**

28          In addition to asserting that Debtor received reasonably equivalent value,

-14-

1  Defendants likewise have met their burden to show that that Debtor did not make the

2  Transfers with actual intent to hinder, delay, or defraud any of Debtor's alleged

3  creditors, and that the Trustee cannot make a showing sufficient to establish this

4  element, which is essential to his case.

5      Again, the undisputed evidence demonstrates that Debtor received the loan

6  proceeds at the direction of Mr. Avenatti[12] and used them to pay third party debts

7  unrelated to Global Baristas. The loaned funds, instead, were used to satisfy an

8  obligation owed by Debtor.  Further, it is undisputed that the Aledmi loan matured, and

9  began accruing high default interest which concerned Mr. Avenatti. It is also undisputed

10  that Aledmi released all liabilities and security interests held against the loan

11  subsequent to the Transfers. All of the foregoing reflects repayment of a loan in the

12  normal course to avoid unnecessary accrual of interest, which is by all accounts a

13  reasonable and non-fraudulent purpose. Debtor is the entity that actually benefitted from

14  the loan proceeds, so it is reasonable that Debtor, and not Global Baristas, was the

15  entity that repaid the loan.[13]

16      The Trustee asserts that several badges of fraud were met. However, after

17  having reviewed each and every assertion, the Court finds that even if the Court agrees

18  with the Trustee's assertions, which it does not, the Court must still consider the non-

19

20  _____

21  [12] Importantly, there is no evidence that Debtor, and Debtor's creditors, were entitled to use of the loan
proceeds as a matter of law.

22  [13] Both parties have acknowledged that Global Baristas could have sued Debtor for conversion/unjust
enrichment. California recognizes "implied in law" or quasi-contractual obligations which arise by
operation of law in the context of unjust enrichment or restitution. *See Munoz v. MacMillan*, 195

23  Cal.App.4th 648, 661 (2011) ("Common law principles of restitution require a party to return a benefit
when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving

24  such remedy is `quasi-contract.'"); *Unilab Corp. v. Angeles-IPA*, 244 Cal. App. 4th 622, 639 (2016)
("Unlike an implied-in-fact contract, an implied-in-law contract or quasi-contract is not based on the

25  intention of the parties, but arises from a legal obligation that is imposed on the defendant."); *Hillco Inc. v.
Stein*, 82 Cal. App. 3d 322, 327 (1978) ("A contractual obligation is consensual in origin. A quasi-

26  contractual obligation is not. It is one imposed by equity to prevent unjust enrichment."). However, as Mr.
Avenatti had control over both entities, such suit would have been unlikely and, indeed, was unnecessary,

27  because Debtor ultimately repaid the loan from which it benefitted, causing the liabilities against Global
Baristas to be released. In a phrase, Mr. Avenatti causing the payment to come from Debtor appears to

28  have been an example of a "no harm, no foul" situation. To find otherwise, would result in a double
recovery for Debtor.

-15-

1  fraudulent basis which underlies the Transfers. As noted above, the existence of several

2  badges of fraud may not be enough to demonstrate that a triable issue of fact exists.

3  *Wolkowitz v. Beverly (In re Beverly),* 374 B.R. 221, 236 (B.A.P. 9th Cir. 2007)

4  ("[S]pecific evidence may negate an inference of fraud notwithstanding the presence of

5  a number of 'badges of fraud.'"). Having looked at the totality of the circumstances

6  surrounding the Transfers, the Court must conclude that Defendants have met their

7  burden to show that the Trustee cannot make a showing sufficient to establish that a

8  triable issue of facts exists as to whether Debtor made the Transfers with the actual

9  intent to defraud, hinder, or delay payment to creditors and so cannot prove the

10  requisite intent element under Cal. Civ. Code § 3439.04(a).

11      Lastly, of note by the Court are the following rather "buried in the papers" facts,

12  which remain, in this Court's view, unchallenged by any of the Trustee's arguments or

13  evidence[14], and which destroy the Trustee's theory of the case:

14      127. Between the Debtor's receipt of the Loan Proceeds, the Debtor's use of the

15      Loan Proceeds to pay Koss Corporation, and the elimination of liability to Aledmi

16      and Global Baristas, the Debtor, the estate, and its creditors were not left in a

17      worse position due to the Initial Transfers. Grobstein Declaration at Paragraph
       17.

18      128. Because the Debtor was not the intended recipient of the Loan Proceeds, if

19      the Trustee were to prevail and clawed back the Initial Transfers, the Debtor
       would realize a windfall in that it would "double-dip" in the loan proceeds.

20      Grobstein Declaration at Paragraph 18.

21  Trustee's Disputed Facts, Dk. 120, Nos. 127 and 128. Thus, the Trustee did not dispute

22  that repayment of the Transfers did not leave the estate in a worse position, and that

23  recovery of the Transfers would result in a windfall to the estate.

24      Having reviewed the entirety of the pleadings, and even after drawing all

25  justifiable inferences in the Trustee's favor, this Court concludes that a ruling in favor of

26

27  ---

    [14] While the Trustee asserts that these facts are disputed, the basis for his dispute is conclusory and not

28  well-taken. As noted above, the Trustee cannot avoid summary judgment by relying solely on conclusory
    allegations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

-16-

1   the Trustee on this cause of action would result in a windfall to the estate, which is

2   unacceptable and inequitable, and is demonstrable evidence that no actual fraudulent

3   transfer existed. Accordingly, and in the absence of a showing that genuinely disputed

4   material facts exist, this Court GRANTS the Motion and enters summary judgment in

5   Defendants' favor as a matter of law.

6          **e. Defendant's Alternative Argument that a complete Defense Exists**

7                      **is likewise well-taken**

8          Pursuant to the above, Defendants are entitled to summary adjudication.

9   Alternatively, Defendants assert that even if the Trustee could demonstrate that genuine

10  issues of  material fact exists as to the requisite elements, which he cannot as

11  demonstrated above, Defendants are still entitled to summary judgment because a

12  complete defense to the avoidance action exists on these facts and circumstances. This

13  Court agrees, and grants summary judgment on this alternative basis as well.

14         **f.  Good Faith Defense Standards**

15         Defendants assert they are good faith transferees. There exists a complete

16  defense to the avoidance of actual fraudulent transfers for good faith transferees. "A

17  transfer or obligation is not voidable under paragraph (1) of subdivision (a) of Section

18  3439.04, against a person that took in good faith and for a reasonably equivalent value

19  given the debtor or against any subsequent transferee or obligee." Cal. Civ. Code §

20  3439.08. *See also Annod Corp. v. Hamilton & Samuels*, 100 Cal.App.4th 1286, 1302

21  (2002) ("In their motions for summary judgment, the partners established a complete

22  defense by showing the transfers were made in good faith and for reasonably

23  equivalent value. In other words, they presented evidence that would require the trial

24  court not to find fraudulent intent more likely than not. [Plaintiff] failed to demonstrate the

25  existence of a triable issue of material fact as to the partners' defense. Consequently,

26  the trial court properly granted summary judgment.")

27         "[A] transferee cannot benefit from the good faith defense if that transferee had

28  fraudulent intent, colluded with a person who was engaged in the fraudulent

-17-

1  conveyance, actively participated in the fraudulent conveyance, or had *actual*

2  *knowledge of facts showing knowledge of the transferor's fraudulent intent*." *Nautilus,*

3  *Inc. v. Yang*, 11 Cal. App. 5th 33, 37 (2017) (emphasis in original) (where the Court

4  concluded that the arguable badges of fraud relied upon by Plaintiff appeared "normal,

5  not fraudulent, for reverse mortgage lending.").

6
7          **g.  The undisputed evidence further demonstrates that even if the**
        **Transfers satisfy the elements for Avoidance of Actual Fraudulent**
8          **Transfers, Defendants are still entitled to a complete "good faith"**
        **defense, warranting summary judgment in Defendants' favor.**
9

10        Pursuant to the standards articulated above, even if  the Trustee could

11  demonstrate that genuine issues of material fact exists as to the elements of the

12  avoidance of actual fraudulent transfer causes of action, Defendants still possess a

13  complete defense.  The undisputed facts demonstrate that Debtor received the loan

14  proceeds and used the loan proceeds to pay off Debtor's own debts; therefore, Debtor

15  necessarily received reasonably equivalent value for the Transfers. Additionally, there is

16  no evidence that a factual dispute exists as to Defendants' own fraudulent intention.

17  Lastly, as explained more fully below, there is no evidence that Defendants, colluded

18  with, actively participated in any alleged fraud, or had actual knowledge of Debtor's

19  fraudulent intention at the time of the Transfers.

20        While the Trustee alleges that Defendants should have had actual knowledge of

21  Debtor's fraud at the time of the repayment, he fails to provide any evidence from which

22  the Court could infer such knowledge; instead, the Trustee provides mere assertions,

23  which do not demonstrate that a genuine issue of material fact exists. As discussed at

24  the hearing, inquiry notice is not the standard. The Trustee must show that Defendants

25  "had fraudulent intent, colluded with a person who was engaged in the fraudulent

26  conveyance, actively participated in the fraudulent conveyance, or had *actual*

27  *knowledge of facts showing knowledge of the transferor's fraudulent intent*." *Nautilus*, 11

28  Cal. App. 5th at 37 (emphasis in original). The Trustee's argument that Defendants

1  should have suspected that the conveyance was fraudulent does not satisfy the above

2  standard. Further, the Trustee has not offered any legal authority or evidence to support

3  his argument.

4      Even under the circumstances the Trustee highlights in his opposition (i.e., (1)

5  the loan was made to the newly formed Global Baristas, (2) one of the members of

6  Global Baristas filed suit against Mr. Avenatti for alleged misconduct related at least in

7  part to the Aledmi loan itself, and such litigation was publicized due to the fame of the

8  plaintiff member, (3) the repayment of the Aledmi loan came after multiple extensions

9  and was paid from Debtor's bank account and not a Global Barista's account, etc.),[15]

10  those circumstances are not evidence which demonstrate that a dispute exists as to

11  whether Defendants had "actual knowledge" of that the repayment was a fraudulent act

12  of Debtor.

13      On its face, from Defendants' perspective, the repayment of a high interest

14  bearing loan that is in default is consistent with a legitimate business reason for the

15  Transfers. Therefore, after drawing all justifiable inferences in the Trustee's favor, this

16  Court concludes Defendants would be entitled to a good faith defense even if the

17  Transfers met the elements of Cal. Civ. Code § 3439.04(a) above (which they do not),

18  and so concludes that the Motion may be GRANTED and summary judgment entered

19  for Defendants on those alternative grounds as well.

20      **IV.    Conclusion**

21      Having considered all pleadings, the arguments of counsel, and for the reasons

22  more fully explained herein, the Court finds good cause to GRANT the Motion and enter

23  judgment in Defendants' favor on each cause of action contained in the Trustee's

24  complaint. As Defendants' counsel pointed out at the hearing on the Motion, this is not a

25  complicated or convoluted case; Debtor received the benefit of the loan, used the loan

26

27

28

---

[15] Further, the Trustee's argument that Defendants should have rejected the Transfers because they
originated from Debtor and not Global Baristas itself is entirely unsupported. The Trustee has provided no
legal authority to demonstrate that Defendants had any legal obligation to do so under these
circumstances. The Court has found none either.

1   proceeds to satisfy its own debt obligation, and not one owed by Global Baristas, and

2   then repaid the loan. There was not an actual fraudulent transfer, and even if there was,

3   Defendants have a complete defense. Further, despite *saying* that he disputes several

4   facts, the Trustee has provided no evidence demonstrating that an actual dispute of a

5   material facts exists. Thus, summary judgment is warranted.

6        Within seven days from entry of this order, Aledmi is to lodge a judgment, and file

7   a Notice of Lodgment, consistent with this order.

8        IT IS SO ORDERED

25   Date: December 22, 2021

Scott C. Clarkson
United States Bankruptcy Judge

-20-

EXHIBIT A
20

Case 8:20-ap-01049-SC    Doc 131    Filed 12/22/21    Entered 12/22/21 16:51:43    Desc
Main Document    Page 21 of 21

**Exhibit A – Visual Description**



*NOTE: $2.3 million wire to Aledmi includes legal interest and fees; Aledmi releases liens against Global Baristas and Michael Avenatti.

Key:

- Loan from Aledmi to Global Baristas funded on July 11, 2013 (via Foster Pepper Trust Account)

- Transfers from Foster Pepper Trust Account to Debtor and then Koss Co. on July 11, 2013 (directed by Avenatti)

- Wires from Debtor to Aledmi occurring on June 13, 2014, and June 24, 2014

# EXHIBIT B

FILED & ENTERED

DEC 22 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Eagan Avenatti, LLP,<br><br>Debtor(s). | Case No.: 8:19-bk-13560-SC<br><br>CHAPTER 7<br><br>Adv No: 8:20-ap-01049-SC<br><br>**ORDER RE: TRUSTEE'S AND DEFENDANTS' EVIDENTIARY OBJECTIONS** |
| Richard A Marshack, Chapter 7 Trustee,<br><br>Plaintiff(s),<br><br>v.<br><br>Aledmi, LLC, an administratively dissolved Washington Limited Liability company; Alan Chafee, as successor in interest to Aledmi, LLC; Edwin Spaunhurst, as successor in interest to Aledmi, LLC; Michael White, as successor in interest to Aledmi, LLC,<br><br>Defendant(s). | Date:      December 2, 2021<br>Time:      11:00 AM<br>Courtroom: 5C |

-1-

1

2          On December 2, 2021, the Court held a hearing on the motion for summary

3   judgment filed by defendants, Aledmi, LLC, Alan Chafee, Edwin Spaunhurst, and

4   Michael White (collectively, "Defendants") [Dk. 91] (the "Motion"). The Motion seeks

5   summary adjudication on the complaint filed by Richard A Marshack, Chapter 7 Trustee

6   (the "Trustee") of the estate of Eagan Avenatti, LLP ("Debtor"). In connection with the

7   Motion, both parties raised evidentiary objections [Dks. 117, 125, and 126]. The

8   evidentiary objections were taken under submission by the Court along with the

9   Motion.[1]

10         Having considered each parties' evidentiary objections, and for the reasons more

11  fully explained herein, the Court finds good cause to SUSTAIN in part and OVERRULE

12  in part, as set forth below.

13  **I.      Relevant Pleadings, Evidence, and Evidentiary Objections**

14         On September 23, 2021, defendants, Aledmi, LLC, an administratively dissolved

15  Washington Limited Liability company ("Aledmi"), Alan Chafee, as successor in interest

16  to Aledmi, LLC, Edwin Spaunhurst, as successor in interest to Aledmi, LLC, and

17  Michael White, as successor in interest to Aledmi, LLC (collectively, "Defendants") filed

18  a motion for summary judgment [Dk. 91] (the "Motion"). In addition to the timely filed

19  Motion, Defendants filed, *inter alia*, a Supplemental Index of Exhibits [Dk. 94] and

20  supporting Declarations of Howard Grobstein, Michael Simon, Michael White, Alan

21  Chafee, and Edwin Spaunhurst [Dks. 95-99, respectively].

22         On November 11, 2021, the Trustee filed his opposition to the Motion [Dk. 113],

23  together with, *inter alia*, the Declarations of Jason M. Frank, Brian Weiss, and John P.

24  Reitman [Dks. 114-116, respectively], Supplemental Exhibits [Dk. 118], and the

25  Declaration of Monica Rieder [Dk. 119]. On November 11, 2021, Trustee also filed

26  Evidentiary Objections to the Defendants' proposed evidence [Dk. 117].

27

28
_____
[1] This order addresses the evidentiary objections only; The Court's decision on the merits of the Motion is
contained in a separate order.

EXHIBIT B
23

Case 8:20-ap-01049-SC    Doc 132    Filed 12/22/21    Entered 12/22/21 16:57:55    Desc
Main Document    Page 3 of 21

1    On November 18, 2021, Defendants filed their Reply, Supplemental Declarations

2  of Michael Simon and Alan Chafee [Dks. 122-123, respectively], a reply to the Trustee's

3  evidentiary objections [Dk. 124], and evidentiary objections to the Declarations of Jason

4  Frank [Dk. 125], and Monica Reider [Dk. 126].

5    On November 23, 2021 [Dk. 128], the Trustee filed a Supplemental Declaration

6  of Monica Reider and a Notice of Erratum to his opposition [Dk. 129], which clarified

7  certain arguments that the Trustee had incorrectly asserted in his opposition regarding

8  the net balance of transfers between Debtor and Global Baristas.

9    As noted above, the Court held a hearing on the Motion and evidentiary

10  objections on December 2, 2021, and took the matters under submission. Now, the

11  Court issues the following order, addressing the evidentiary objections raised by

12  Trustee on November 11, 2021 [Dk. 117], and the evidentiary objections raised by

13  Defendants on November 18, 2021 [Dks. 125 and 126].[2]

14  **II.    Trustee's Evidentiary Objections filed November 11, 2021 [Dk. 117]**

15    The Court hereby rules upon Trustee's evidentiary objections filed November 11,

16  2021 [Dk. 117] as follows:

17    o  _No. 1 – Declaration of Howard Grobstein_. Trustee's hearsay objection is

18      **OVERRULED**. Howard Grobstein is an expert witness. Experts may rely

19      on hearsay and other inadmissible evidence in forming their opinions.

20      _See, e.g.,_ FRE 703 ("If experts in the particular field would reasonably rely

21      on those kinds of facts or data in forming an opinion on the subject, they

22      need not be admissible for the opinion to be admitted."); _Williams v._

23      _Illinois_, 567 U.S. 50, 88 2012 ("Under well established principles of

24      evidence, experts may rely on otherwise inadmissible out-of-court

25      statements as a basis for forming an expert opinion if they are of a kind

26      that experts in the field normally rely upon.").

27

28  [2] To the extent that any declarant's statements are conclusory, such statements will be considered by the
Court according to relevant motion for summary judgment standards regardless of whether an objection is
raised on those grounds. See the Court's decision on the Motion for relevant standards.

EXHIBIT B
24

o _No. 2 – Defendants' Exhibit 23. Eagan Avenatti General Ledger as of July 31, 2013_. Trustee's hearsay objection is **SUSTAINED**. Pursuant to FRE 801 and 802, out of court statements offered to prove the truth of the matters asserted therein are inadmissible. The exhibit is a statement of financials created by the Debtor for use outside of court and is being offered for its truth, so is inadmissible.

o _No. 3 – Defendants' Exhibit 31. Eagan Avenatti General Ledger as of June 30, 2014_. Trustee's hearsay objection is **SUSTAINED**. The exhibit is a statement of financials created by the Debtor for use outside of court and is being offered for its truth, so is inadmissible.

o _No. 4 – Defendants' Exhibit 37. Order Granting in Part and Denying in Part Defendants' Motion for Order Compelling Trustee to Produce documents [etc.]", entered August 19, 2021._ Trustee's relevance objection is **OVERRULED**. The Court will give the evidence the weight it deserves.

o _No. 5 – Defendants' Exhibit 38. August 5, 2021 email from Jack Reitman to Michael Simon._ Trustee's relevance objection is **OVERRULED**. The Court will give the evidence the weight it deserves.

o _No. 6 – Defendants' Exhibit 39. Eagan Avenatti General Ledger as of July 31, 2014._ Trustee's hearsay objection is **SUSTAINED**. The exhibit is a statement of financials created by the Debtor for use outside of court and is being offered for its truth, so is inadmissible.

o _No. 7 – Defendants' Exhibit 40. March 18, 2021, Subpoena to Produce_

EXHIBIT B
25

*Documents directed to Brian Weiss.* Trustee's relevance objection is **OVERRULED**. The Court will give the evidence the weight it deserves.

- o *No. 8 – Defendants' Exhibit 41. Order Approving Stipulation to Extend Discovery Cutoff, Motion Cutoff and Pre-trial Hearing Dates, entered Mach 24, 2021.* Trustee's relevance objection is **OVERRULED**. The Court will give the evidence the weight it deserves.

### III.    Defendants' Evidentiary Objections filed November 18, 2021 [Dk. 125]

The Court hereby rules upon Defendants' evidentiary objections filed November 18, 2021 [Dk. 125] to the Declaration of Jason Frank [Dk. 114] as follows:

- o *No. 1 - ¶ 4:19-20 (Decl. at 2).*[3] Defendants' objection based on improper legal conclusion is **SUSTAINED**. FRE 701 limits lay opinion testimony to that which is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FRE 701. Whether the Debtor failed to perform the obligations of the agreement is a legal conclusion and not admissible lay opinion testimony.

- o *No. 2 - ¶ 5:22-6:4 (Decl. at 2-3).* Defendants' objection based on best evidence is **SUSTAINED**. Pursuant to FRE 1002, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Declarant seeks to

---

[3] Defendants' evidentiary objections were unnumbered; however, the Court has numbered these matters (i.e., No. X) for convenience and ease of reference.

-5-

Case 8:20-ap-01049-SC    Doc 132    Filed 12/22/21    Entered 12/22/21 16:57:55    Desc
Main Document    Page 6 of 21

1    prove the content of a written contractual agreement, so the best evidence

2    rule applies.

3

4    ○    *No. 3 - ¶ 6:6-14 (Decl. at 3.).* Defendants' objection based on best

5    evidence is **SUSTAINED**. Declarant seeks to prove the calculation of a

6    profit share bonus based on a formula contained in a written contractual

7    agreement, so the best evidence rule applies.

8

9    ○    *No. 4 - ¶ 7:15-21 (Decl. at 3.).* Defendants' objections based on improper

10    legal conclusion and best evidence are **SUSTAINED**. Whether JFL was

11    owed profit share based on the terms of the written agreement is a legal

12    conclusion and not admissible lay opinion testimony. Additionally, as

13    Declarant seeks to prove the profit share bonus owed based on a formula

14    contained in a written contractual agreement, the best evidence rule

15    applies.

16

17    ○    *No. 5 - ¶ 7:21-22 (Decl. at 3.).* Defendants' objection based on best

18    evidence is **SUSTAINED**. The best evidence of the contractual term of the

19    written agreement is the agreement itself.

20

21    ○    *No. 6 - ¶ 8:23-9:2 (Decl. at 3-4.).* Defendants' objection based on best

22    evidence is **SUSTAINED**. The calculation of profit share based on the

23    terms of the written agreement is a legal conclusion, and not admissible

24    lay opinion testimony.

25

26    ○    *No. 7 - ¶ 9:3-6 (Decl. at 4.).* Defendants' objection based on improper legal

27    conclusion and best evidence are **SUSTAINED**. Whether the written

28    agreement entitled JFL to review tax and financial documents is a legal

-6-

1    conclusion, and not admissible lay opinion testimony. Additionally, the

2    exact terms of the written agreement are best proven by the agreement

3    itself.

4

5    ○    *No. 8 - ¶ 10:9-10 (Decl. at 4.).* Defendants' objection based on improper

6    legal conclusion and best evidence are **SUSTAINED**. Whether JFL was

7    owed profit share based on the terms of the written agreement is a legal

8    conclusion, and not admissible lay opinion testimony. Additionally, as

9    Declarant seeks to prove the profit share bonus owed based on a formula

10    contained in a written contractual agreement, the best evidence rule

11    applies.

12

13    ○    *No. 9 - ¶ 10:10-11 (Decl. at 4.).* Defendants' hearsay objection is

14    **OVERRULED**. Pursuant to FRE 801(d)(2)(D), statements that are offered

15    against an opposing party and are made by a party's agent on a matter

16    within the scope of the agency relationship are not inadmissible hearsay.

17    In 2013, Mr. Avenatti was an agent of the Debtor; Accordingly, statements

18    made by Mr. Avenatti to Mr. Frank are an opposing party statement, and

19    not hearsay.

20

21    ○    *No. 10 - ¶ 11:13-14 (Decl. at 4).* Defendants' hearsay objection is

22    **OVERRULED**. Pursuant to FRE 801(c), hearsay means a statement that:

23    "(1) the declarant does not make while testifying at the current trial or

24    hearing; and (2) a party offers in evidence to prove the truth of the matter

25    asserted in the statement." Mr. Frank's testimony is admitted to the extent

26    that it is not being offered for the truth of the matter asserted (i.e., Mr.

27    Avenatti's alleged misrepresentation), but rather for Mr. Frank's reliance

28    on Mr. Avenatti's statements.

-7-

o _No. 11 - ¶ 12:17-18 (Decl. at 4.)._ Defendants' objection based on vagueness is **OVERRULED**. The Court will give the evidence the weight it deserves.

o _No. 12 - ¶ 12:18-21 (Decl. at 4.)._ Defendants' objections based on hearsay and best evidence are **OVERRULED**. Statements by an opposing party's agent are not hearsay. Additionally, the best evidence rule does not apply where Declarant is not seeking to prove the content of the writing, but rather seeks to prove a fact that happens also to be memorialized in a writing. _Preferred Commc'ns v. City of L.A.,_ CASE No. CV 83-5846 (CBM), 1990 U.S. Dist. LEXIS 20206, at *5 (C.D. Cal. Jan. 5, 1990) ("However, as defendants point out, the best evidence rule requires a written document only when the proponent of the evidence is trying to prove the content of a writing through secondary evidence. FRE 1002. Here, most of the testimony in question goes to interpretation... In other words, the testimony is not offered as a substitute for the actual writing."). Defendants' objections based on foundation and personal knowledge are likewise **OVERRULED**. The Court will give the evidence the weight it deserves.

o _No. 13 - ¶ 14:26-1 (Decl. at 4.)._ Defendants' objection based on best evidence is **OVERRULED.** The best evidence rule does not apply where Declarant is not seeking to prove the content of the writing, but rather seeks to prove a fact that happens also to be memorialized in a writing.

o _No. 14 - ¶ 14:1-6 (Decl. at 5.)._ Defendants' objections based on improper legal conclusion and opinion are **OVERRULED**. The testimony is not

-8-

1   improper, because is it "rationally based on the witness's perception,

2   helpful to clearly understanding the witness's testimony or to determining

3   a fact in issue, and not based on scientific, technical, or other specialized

4   knowledge within the scope of Rule 702." FRE 701.

5

6      ○  *No. 15 - ¶ 15:7-12 (Decl. at 5.).* Defendants' objections based on

7   relevance and unfair prejudice are **OVERRULED**. The Court will give the

8   evidence the weight it deserves. The probative value of the evidence is

9   not substantially outweighed by unfair prejudice. Defendant's objection

10   based on best evidence is **SUSTAINED**. The best evidence of the

11   arbitration panel's conclusions is the arbitration decision itself.

12

13      ○  *No. 16 - ¶ 17:2-23 (Decl. at 5.).* Defendants' objection based on best

14   evidence is **OVERRULED**. Declarant is not trying to prove the content of a

15   writing. Defendants' objections based on improper legal conclusion and

16   opinion are **SUSTAINED**. Declarant's statement about what JFL was

17   entitled to under the written agreement is a legal conclusion and not

18   admissible lay opinion testimony.

19

20      ○  *No. 17 - ¶ 17:23-24 (Decl. at 5.).* Defendants' objections based on

21   improper legal conclusion and opinion are **SUSTAINED**. Declarant's

22   statement about statutory performance deadlines under California law is a

23   legal conclusion and not admissible lay opinion testimony.

24

25      ○  *No. 18 - ¶ 17:26-27 (Decl. at 5.).* Defendants' objection based on improper

26   legal conclusion is **SUSTAINED**. Whether JFL was owed money under the

27   written agreement or from the *Scott* fees is a legal conclusion and not

28   admissible lay opinion testimony.

o   _No. 19 - ¶ 18:28 to 1-2 (Decl. at 5 -6.)._ Defendants' objection based on
    hearsay and vagueness are **OVERRULED**. Statements by an opposing
    party's agent are not hearsay. The Court will give the evidence the weight
    it deserves.

o   _No. 20 - ¶ 18:3-6 (Decl. at 6.)._ Defendants' hearsay objection is
    **OVERRULED.** Statements by an opposing party's agent are not hearsay.
    The Court will give the evidence the weight it deserves.

o   _No. 21 - ¶ 18:6-7 (Decl. at 6.)._ Defendants' hearsay objection is
    **OVERRULED**. Statements by an opposing party's agent are not hearsay.

o   _No. 22 - ¶ 18:9-11 (Decl. at 6.)._ Defendants' hearsay objection is
    **OVERRULED**. Statements by an opposing party's agent are not hearsay.

o   _No. 23 - ¶ 18:13-14 (Decl. at 6.)._ Defendants' objections based on
    improper legal conclusion and best evidence are **OVERRULED**. Whether
    Avenatti dissipated funds is a legal conclusion and not admissible lay
    opinion testimony. Additionally, the best evidence rule does not apply
    where Declarant is not seeking to prove the content of the writing, but
    rather seeks to prove a fact that happens also to be memorialized in a
    writing. Defendants' objection based on foundation is **SUSTAINED**. It is
    unclear to the Court how Declarant became aware of the facts asserted in
    his statement.

o   _No. 24 - ¶ 19-17-18 (Decl. at 6.)._ Defendants' personal knowledge and
    best evidence objections are **OVERRULED**. The best evidence rule does

-10-

1  not apply where Declarant is not seeking to prove the content of the

2  writing, but rather seeks to prove a fact that happens also to be

3  memorialized in a writing. Further, Declarant establishes that he learned

4  the facts asserted through discovery.

5

6  ○ *No. 25 - ¶ 20:25 (Decl. at 6.).* Defendants' objections based on improper

7  legal conclusion and opinion are **OVERRULED**. Whether JFL was entitled

8  to millions of dollars is profit share is a legal conclusion and not

9  inadmissible lay opinion testimony.

10

11  ○ *No. 26 - ¶ 21:26-28 (Decl. at 6.).* Defendants' best evidence and hearsay

12  objections are **SUSTAINED**. Declarant seeks to prove the content of an

13  email, so a copy of the email itself is required. No exception or exclusion

14  to hearsay applies. Defendants' objections based on improper legal

15  conclusion and opinion and inadmissible settlement communication are

16  **OVERRULED**. Declarant's statement does not contain improper legal

17  conclusions. Additionally, it is unclear how Declarant's statement relates to

18  settlement communication. FRE 408 prohibits the use of evidence related

19  to settlement communications or conduct made during negotiations either

20  to prove or disprove the validity or amount of a disputed claim, or to

21  impeach by prior inconsistent statement. Neither purpose appears

22  applicable here.

23

24  ○ *No. 27 - ¶ 22:1-3 (Decl. at 7.).* Defendants' objections based on improper

25  legal conclusion and opinion, hearsay, inadmissible settlement

26  communication, and best evidence are **OVERRULED**. Declarant's

27  statement does not contain improper legal conclusions, but rather is

28  admissible law opinion testimony. Statements by an opposing party's

-11-

1       agent are not hearsay. Additionally, it is unclear how Declarant's

2       statement is improper evidence related to a settlement communication.

3       Lastly, Declarant does not seek to prove the content of a writing, so the

4       best evidence rule does not apply.

5

6       o   *No. 28 - ¶ 23:4-6 (Decl. at 7.).* Defendants' objection based on improper

7       legal conclusion is **SUSTAINED**. Declarant's statement that profit share

8       was owed is an improper legal conclusion and not admissible law opinion

9       testimony. Defendants' objection based on foundation is **OVERRULED**.

10      Declarant has properly established a foundation for his statement that the

11      Debtor had not paid a profit share bonus to JFL for 2013 or 2014.

12

13      o   *No. 29 - ¶ 23:8-10 (Decl. at 7.).* Defendants' objections based on improper

14      legal conclusion and opinion, hearsay, inadmissible settlement

15      communication, and best evidence are **OVERRULED**. Declarant's

16      statement does not contain improper legal conclusions, but rather is

17      admissible law opinion testimony. Statements by an opposing party's

18      agent are not hearsay. Additionally, it is unclear how Declarant's

19      statement is improper evidence related to a settlement communication.

20      Lastly, Declarant does not seek to prove the content of a writing, so the

21      best evidence rule does not apply.

22

23      o   *No. 30 - ¶ 24:12 (Decl. at 7.).* Defendants' objections based on foundation

24      and personal knowledge are **SUSTAINED**. Declarant does not establish

25      how he learned of the settlement.

26

27      o   *No. 31 - ¶ 24:14 (Decl. at 7.).* Defendants' objections based on

28      inadmissible settlement communication and hearsay are **OVERRULED**.

-12-

1    Statements by an opposing party's agent are not hearsay and it unclear

2    that Declarant's evidence is inadmissible evidence related to a settlement

3    communication

4

5    ○  *No. 33 - ¶ 25:15 (Decl. at 7.).* Defendants' objections based on improper

6    legal conclusion and foundation are **SUSTAINED**. Whether the Debtor

7    failed to perform the meet deadlines under the agreement is a legal

8    conclusion, and not admissible lay opinion testimony. Further, Declarant

9    does not establish that he has personal knowledge that deadlines were

10    not met.

11

12    ○  *No. 34 - ¶ 25:16-22 (Decl. at 7.).* Defendants' objections based on

13    inadmissible settlement communication and hearsay are **OVERRULED**.

14    Statements by an opposing party's agent are not hearsay and it is unclear

15    that Declarant's evidence is inadmissible evidence related to a settlement

16    communication

17

18    ○  *No. 35 - ¶ 26:24-28 (Decl. at 7.).* Defendants' objections based on

19    inadmissible settlement communication and hearsay are **OVERRULED**.

20    Statements by an opposing party's agent are not hearsay and it is unclear

21    that Declarant's evidence is inadmissible evidence related to a settlement

22    communication. Defendants' objections based on improper conclusion and

23    opinion are **SUSTAINED**. That the Debtor owed money under a written

24    agreement is a legal conclusion by a lay witness and not admissible.

25

26    ○  *No. 36 - ¶ 27:1-2 (Decl. at 8.).* Defendants' objection based on foundation

27    is **OVERRULED**. Declarant has laid a foundation to show that he would

28    know if the Debtor paid (or failed to pay) JFL. Defendants' objection based

-13-

1    on improper legal conclusion is **SUSTAINED**. That the Debtor owed

2    money under a written agreement is a legal conclusion by a lay witness

3    and not admissible.

4

5    ○    *No. 37 - ¶ 27:2-3 (Decl. at 8.).* Defendants' objections based on

6    inadmissible settlement communication and hearsay are **OVERRULED**.

7    Statements by an opposing party's agent are not hearsay. It is unclear that

8    Declarant's evidence is inadmissible evidence related to a settlement

9    communication.

10

11    ○    *No. 38 - ¶ 27:3-4 (Decl. at 8.).* Defendants' objection based on foundation

12    is **OVERRULED**. Declarant has laid a foundation to show that he would

13    know if Debtor paid (or failed to pay) JFL. Defendants' objection based on

14    improper legal conclusion is **SUSTAINED**. That the Debtor owed money

15    under a written agreement is a legal conclusion by a lay witness and not

16    admissible.

17

18    ○    *No. 39 - ¶ 29:8-9 (Decl. at 8.).* Defendants' best evidence objection is

19    **OVERRULED**. The best evidence rule does not apply as the contents of a

20    writing are not at issue.

21

22    ○    *No. 40 - ¶ 29:12-20 (Decl. at 8.).* Defendants' objections based on best

23    evidence, and lack of personal knowledge and foundation are

24    **OVERRULED**. The fact that the documents were redacted is at issue, not

25    the actual contents of the writing; therefore, the best evidence rule does

26    not apply. Foundation and personal knowledge have been properly

27    established.

28

EXHIBIT B
35

o  _No. 41 - ¶ 30:1-5 (Decl. at 9.)._ Defendants' objections based on improper

legal conclusion and opinion, hearsay, and best evidence are

**OVERRULED**. There is no improper legal conclusion contained in

Declarant's statements. Declarant does not seek to prove the content of

the written agreement itself, but rather he seeks to describe what evidence

the panel had at its disposal when making a ruling, so the best evidence

rule does not apply. As the EA reports are not provided for the truth of the

matter, but rather the impact to the arbitration panel, hearsay does not

apply. The Court will give the evidence the weight it deserves.

o  _No. 42 - ¶ 31:6 (Decl. at 9.)._ Defendants' personal knowledge objection is

**SUSTAINED**. Declarant does not establish how he came to know that the

entry of the arbitration award was forestalled.

o  _No. 43 - ¶ 31:7-8 (Decl. at 9.)._ Defendants' personal knowledge and

foundation objections are **OVERRULED**. The Court will give the evidence

the weight it deserves.

o  _No. 44 - ¶ 31:10-16 (Decl. at 9.)._ Defendants' best evidence objection is

**OVERRULED**. Declarant does not seek to prove the content of a writing,

though references certain writings in describing facts which occurred. The

Court will give the evidence the weight it deserves.

o  _No. 45 - ¶ 32:19-21 (Decl. at 9.)._ Defendants' best evidence objection is

**OVERRULED**. Declarant does not seek to prove the content of the written

agreement itself, and merely describes the salient terms of an agreement,

so the best evidence rule does not apply. The Court will give the evidence

the weight it deserves.

-15-

1

2     o    _No. 46 - ¶ 33:26-27 (Decl. at 9.)._ Defendants' objections based on

3        foundation and personal knowledge are **SUSTAINED**. Declarant does not

4        establish that he has personal knowledge that Mr. Avenatti "drained" the

5        Debtor's funds.

6

7     o    _No. 47 - ¶ 33:27-28 to 1-2 (Decl. at 9.)._ Defendants' objections based on

8        foundation and personal knowledge are **SUSTAINED**. Declarant does not

9        lay a proper foundation or establish his personal knowledge that Mr.

10       Avenatti opened bank accounts at various banks to avoid judgment

11       collection efforts.

12

13     o    _No. 48 - ¶ 34:3-5 (Decl. at 10.)._ Defendants' objections based on

14       vagueness and foundation are **OVERRULED**. The Court will give the

15       evidence the weight it deserves. Declarant has established that he would

16       be aware of the Debtor and Mr. Avenatti's refusal to pay JFL. Defendants'

17       objection based on improper legal conclusion is **SUSTAINED.** Declarant's

18       statement that JFL was owed money or information under a written

19       agreement is a legal conclusion by a lay witness and not admissible.

20

21     o    _No. 49 - ¶ 34:5-7 (Decl. at 10.)._ Defendants' objections based on improper

22       opinion and legal conclusion are **OVERRULED**. Declarant's statement is a

23       legal conclusion by a lay witness and not admissible.

24

25     o    _No. 50 - ¶ 34:7-8 (Decl. at 10.)._ Defendants' objections based on

26       vagueness and hearsay are **OVERRULED**. Statements made by an

27       opposing party's agent are not hearsay. Defendants' objection based on

28       personal knowledge is **SUSTAINED**. Declarant does not establish that he

-16-

1    has personal knowledge that Mr. Avenatti sought to "deter and forestall

2    collection activities by JFL."

3

4    ○    *No. 51 - ¶ 34:8-10 (Decl. at 10.).* Defendants' objections based on

5    personal knowledge, improper opinion and legal conclusion, and

6    misstatement are **SUSTAINED**. Declarant does not establish that he has

7    personal knowledge that the Debtor and Mr. Avenatti acted as part of an

8    "intentional scheme to hinder, delay, and defraud JFL." Additionally,

9    Declarant's statement is a legal conclusion by a lay witness and not

10    admissible. Lastly, it appears that there was no arbitration finding that the

11    Debtor and Mr. Avenatti intended to defraud; such misstatement is not

12    admitted.

13

14    ○    *No. 52 - ¶ 34:11-12 (Decl. at 10.).* Defendants' objections based on

15    foundation, personal knowledge, and improper legal conclusion are

16    **SUSTAINED**. Declarant does not lay a proper foundation or established

17    that he has personal knowledge that the Debtor's transfers to Aledmi

18    contributed to an alleged scheme to hinder, delay, and defraud JFL.

19    Additionally, Declarant's statement is a legal conclusion by a lay witness

20    and not admissible.

21

22    ○    *No. 53 - ¶ 35:15 (Decl. at 10.).* Defendants' improper legal conclusion

23    objection is **SUSTAINED**. Whether the transfers made it more difficult for

24    JFL to establish how much it was owed under the ICA is a legal

25    conclusion by a lay witness and not admissible.

26

27    ○    *No. 54 - ¶ 35:15-20 (Decl. at 10.).* Defendants' best evidence objection is

28    **SUSTAINED**. The best evidence of the terms of the written agreement is

-17-

the written agreement itself.

- o *No. 55 - ¶ 35:20-23 (Decl. at 10.).* Defendants' objections based on foundation, and improper opinion and legal conclusion are **SUSTAINED**. Whether the transfers caused payments to falsely appear as expenses is a legal conclusion by a lay witness and not admissible. Further, Declarants' personal knowledge of the facts asserted is not properly established. Defendants' objections based on best evidence are **OVERRULED**. Declarant does not seek to prove the content of a writing, but rather seeks to comment on his interpretation of a writing, so the best evidence rule does not apply.

- o *No. 56 - ¶ 36:24-25 (Decl. at 10.).* Defendants' objections based on foundation, personal knowledge, and improper opinion and legal conclusions are **SUSTAINED**. Whether the transfers used fees which JFL was entitled to is a legal conclusion by a lay witness and not admissible. Further, Declarants' personal knowledge of the funds transferred is not properly established. A proper foundation has not been laid.

- o *No. 57 - ¶ 36:25-27 (Decl. at 10.).* Defendants' objections based on hearsay and foundation are **OVERRULED**. Statements made by an opposing party's agent are not hearsay. Declarant has established a proper foundation for the statement.

- o *No. 58 - ¶ 36:28 to 1 (Decl. at 10-11.).* Defendants' improper legal conclusion objection is **SUSTAINED**. Declarant's statement regarding whether JFL was owed a profit share is a legal conclusion by a lay witness and not admissible.

EXHIBIT B
39

1

2    o  *No. 59 - ¶ 36:1-2 (Decl. at 11.).* Defendants' hearsay objection is

3       **OVERRULED**. Statements made by an opposing party's agent are not

4       hearsay.

5

6    o  *No. 60 - ¶ 36:2-4 (Decl. at 11.).* Defendants' objections based on

7       foundation, personal knowledge, and misstatement are **SUSTAINED**.

8       Declarant has not laid a proper foundation for his statements or

9       established his personal knowledge of the facts he asserts. Declarant's

10      misstatement is not admitted.

11

12   o  *No. 61 - ¶ 37:5-6 (Decl. at 11.).* Defendants' objections based on

13      foundation, personal knowledge, and improper opinion and legal

14      conclusion are **SUSTAINED**. It is unclear how Declarant is personally

15      aware that the transfers contributed to a "dissipation" of funds. A proper

16      foundation has not been laid. Declarant's statement is a legal conclusion

17      by a lay witness and not admissible.

18

19   o  *No. 62 - ¶ 37:7-9 (Decl. at 11.).* Defendants' objections based on

20      foundation, and improper legal conclusion are **SUSTAINED**. Declarant's

21      statement that JFL was owed money under a written agreement is a legal

22      conclusion by a lay witness and not admissible. Further, Declarant has not

23      laid sufficient foundation for his statements.

24

25   o  *No. 63 - ¶ 38:10-11 (Decl. at 11.).* Defendants' hearsay objection is

26      **OVERRULED**. Statements made by opposing party's agent are not

27      hearsay.

28

-19-

1      ○   _No. 64 - ¶ 38:12-17 (Decl. at 11.)._ Defendants' objections based on

2          foundation and personal knowledge and hearsay are **SUSTAINED**.

3          Declarant has not properly established foundation and personal

4          knowledge that he was a target of Mr. Avenatti's alleged plan. To the

5          extent Declarant seeks to describe bank records which were created

6          outside of court for the truth of the matter asserted, such statements are

7          inadmissible. Defendants' objection based on best evidence is

8          **OVERRULED**. It is not clear that Declarant seeks to prove the content of a

9          writing; Rather, it appears that Declarant seeks to offer his interpretation of

10         the bank records, so the best evidence rule does not apply.

11

12    **IV.**    **Defendants' Evidentiary Objections filed November 18, 2021 [Dk. 126]**

13         The Court hereby rules upon Defendants' evidentiary objections filed November

14    18, 2021 [Dk. 126] to the Declaration of Monica Rieder [Dk. 119] as follows:

15

16     ○   _No. 1 - ¶ 2:9-10 (Decl. at 2)._ Defendants' objection based on improper

17         legal conclusion is **SUSTAINED**. As Trustee admits in his Notice of Errata

18         and the Supplemental Declaration of Monica Rieder both filed November

19         23, 2021 [Dks. 129 and 128, respectively], Trustee's evidence failed to

20         distinguish between Global Baristas, LLC, and Global Baristas, US, LLC.

21         The statement is an improper legal conclusion as it is neither an opinion

22         that can be rationally based on declarant's perception nor is it helpful to

23         the Court.

24    //

25    //

26    //

27    //

28    //

EXHIBIT B
41

1    **V.    Conclusion**

2        Having considered each parties' evidentiary objections [Dks. 117, 125, and 126],

3    and for the reasons more fully explained herein, the Court finds good cause to enter the

4    above rulings, SUSTAINING in part and OVERRULING in part as set forth above.

5        IT IS SO ORDERED.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: December 22, 2021

Scott C. Clarkson
United States Bankruptcy Judge

26

27

28

EXHIBIT B
42

EXHIBIT C

1 | **SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
2 | *rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
3 | *msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
4 | Costa Mesa, California 92626
Telephone:    714 445-1000
5 | Facsimile:    714 445-1002

6 | Attorneys for Defendants

7 |

FILED & ENTERED

JAN 04 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 | In re | Case No. 8:19-bk-13560-SC

12 | EAGAN AVENATTI, LLP, | Chapter 7

13 | Debtor. | Adv. No. 8:20-ap-01049-SC

14 | | **FINAL JUDGMENT IN FAVOR OF**
**DEFENDANTS**
15 | RICHARD A. MARSHACK, CHAPTER 7
TRUSTEE FOR EAGAN AVENATTI, LLP, |

16 | Plaintiff, | **Hearing**
**Date:    December 2, 2021**
17 | v. | **Time:    11:00 a.m.**
**Place:    Courtroom 5C**
18 | ALEDMI, LLC, an administratively dissolved | **411 W. Fourth St.,**
Washington limited liability company; ALAN | **Santa Ana, CA 92701**
19 | CHAFEE, as successor in interest to
ALEDMI, LLC; EDWIN SPAUNHURST, as
20 | successor in interest to ALEDMI, LLC;
MICHAEL WHITE, as successor in interest to
21 | ALEDMI, LLC;

22 | Defendants.

23 |

24 | On December 2, 2021, the *Defendants' Motion for Summary Judgment* [Docket No. 91]

25 | came on for hearing in Courtroom 5C of the United States Bankruptcy Court located at 411 W.

26 | Fourth St., Santa Ana, CA 92701.

27 | Robert S. Marticello and Michael L. Simon of Smiley Wang-Ekvall, LLP, appeared on

28 | behalf of defendants Aledmi, LLC, Alan Chafee, Edwin Spaunhurst, and Michael White

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2895910.1 | FINAL JUDGMENT

EXHIBIT C
43

1   (collectively, the "Defendants").  John P. Reitman of Landau Law LLP appeared on behalf of

2   plaintiff Richard A. Marshack, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Eagan

3   Avenatti, LLP.

4       On December 22, 2021, the Court entered the *Order Granting Defendants' Motion for*

5   *Summary Judgment* [Docket No. 131] (the "Order").  Based on all of the reasons, findings of fact,

6   and conclusions of law set forth in the Order, and good cause appearing therefor,

7       **IT IS HEREBY ADJUDGED AND DECREED** that:

8       1.      Final judgment is entered in favor of the Defendants and against the Trustee on the

9   entire complaint [Docket No. 19] (the "Complaint");

10      2.      Final judgment is entered in favor of the Defendants and against the Trustee on the

11  First Claim for Relief in the Complaint;

12      3.      Final judgment is entered in favor of the Defendants and against the Trustee on the

13  Second Claim for Relief in the Complaint;

14      4.      Final judgment is entered in favor of the Defendants and against the Trustee on the

15  Third Claim for Relief in the Complaint;

16      5.      Final Judgment is entered in favor of the Defendants and against the Trustee on the

17  Defendants' affirmative defense pursuant to California Civil Code § 3439.08 and such defense

18  provides a complete defense to all of the claims for relief in the Complaint; and

19      6.      The Trustee is not entitled to any relief through the Complaint or the claims for

20  relief asserted therein, and the Trustee takes nothing by way of the Complaint.

21                                              ###

22

23

24  Date: January 4, 2022                      Scott C. Clarkson
                                              United States Bankruptcy Judge

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2895910.1                                              FINAL JUDGMENT

EXHIBIT C
44

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 2338 Manning Avenue, Los Angeles, CA 90064.**

A true and correct copy of the foregoing document entitled (*specify*): **_Notice of Appeal and Statement of Election_** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 4, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lei Lei Wang Ekvall - DECEASED -   lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Jessica R MacGregor   jmacgregor@longlevit.com, lmyers@longlevit.com
- Richard A Marshack (TR)   pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Robert S Marticello   Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jack A. Reitman   jareitman@landaufirm.com,
  srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- John P. Reitman   jreitman@landaufirm.com,
  vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- Monica Rieder   mrieder@landaufirm.com,
  vrichmond@landaufirm.com;avedrova@landaufirm.com;hrichmond@landaufirm.com
- Michael Simon   msimon@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*), **January 4, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130/ Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 4, 2022 | Vanessah Berstecher | /s/ Vanessah Berstecher |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.